IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 25-mj-00088-TPO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YOHANDRI RAMO RAMIREZ-GONZALEZ,[1]

    Defendant.

## ORDER OF DETENTION

This matter was before the Court for a Detention Hearing on April 30, 2025. Assistant United States Attorney Alecia Riewerts represented the government, and Criminal Justice Act (CJA) Panel Attorney Stephanie Grismer represented the defendant. The government sought detention based on a risk of flight and danger to the community, and defense counsel requested that the defendant be released on conditions.

**Based on the factual findings as established herein, the Court has concluded that, by a preponderance of the evidence, that the case involves a serious risk of flight and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required in the District of Wyoming.[2]**

The government has alleged that defendant committed an offense of knowingly and willfully failing to appear for court under 18 U.S.C. §2113(c) and 18 U.S.C. §2. ECF 1. This is not an offense covered by 18 U.S.C. §3142(f)(1). However, the government moved for detention under 18 U.S.C. §3142(f)(2)(A).

To sustain a motion for detention under 18 U.S.C. §3142(f)(2)(A), the government must establish first that the case involves the defendant's "serious risk of flight." If that threshold has been met, then to detain the defendant, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure the appearance of the defendant as required. On April 24, 2025, this Court made

---

[1] Defense counsel noted that the defendant's proper last name is Gonzalez-Ramirez. To avoid confusion, the Court will refer to the defendant by the name in the charging document.

[2] The Court finds the government did not prove that Mr. Ramirez-Gonzalez is a danger to the community sufficient to justify detention on that ground.

a preliminary finding that the case involves a serious risk of flight sufficient to justify conducting a Detention Hearing.

The Court is mindful of the operative case law and the Bail Reform Act's clear instruction that detention is a last resort. The Supreme Court has echoed that very sentiment: "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In this case, the Court has taken judicial notice of the Court's file (including the Criminal Complaint), the pretrial services report, and the proffer made by the parties. I find that defendant was initially charged in the District of Wyoming in case 25-mj-00033-ABJ. *See* ECF 1. On March 24, 2025, U.S. Magistrate Judge Stephanie Hambrick issued a no bond warrant. *Id.* On or about April 24, 2025, the defendant was arrested in the District of Colorado.

According to the pretrial services report, the defendant has multiple pending cases, all of which originated within the last nine or ten months: two pending state cases in Illinois (Retail Theft and Aggravated Battery of a Peace Officer) and one pending state case in Wyoming that is related to the present offense (Theft Related Offenses). In the two Illinois cases, the defendant has failed to appear twice in each case. There is an active warrant for the state case in Wyoming. The Office of Probation recommends that the defendant be detained.

According to the Criminal Complaint, between March 15-16, 2025, the defendant and others were involved in a series of ATM thefts in northern Wyoming. The involved individuals

stole over $50,000 from three ATMs. ECF 1 at pp. 4-5. Video footage from at least one ATM demonstrated defendant was at the scene.

Defendant's ties to the community in the District of Colorado are minimal. While his wife and daughter live in the area, the family has only resided in Colorado since January of 2025, after the second warrant was issued in each Illinois case. The majority of the defendant's family lives in Venezuela.

I find that the case involves a serious risk that defendant will flee and, by a preponderance of the evidence, that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required. Defendant, therefore, is remanded to the custody of the U.S. Marshal. As noted at the Detention Hearing, under 18 U.S.C. §3142(f), the Detention Hearing may be reopened after a finding of detention, if the judicial officer "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the community."

IT IS HEREBY ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding in the District of Wyoming.

DATED and ENTERED this 6th day of May, 2025.

By the Court:

S/*Timothy P. O'Hara*
Timothy P. O'Hara
United States Magistrate Judge